## JOS. KELLOW v. DINAH JORY ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY.

Argued March 10, 1891—Decided March 23, 1891.

(a) In consideration of the plaintiff's undertaking to use his best efforts to sell their land for a certain price, the defendants bound themselves to convey to the plaintiff, his heirs or assigns, or to his appointee, "whenever called upon so to do;" the defendants to remain in possession in the meantime.

(b) Four years afterwards, the plaintiff demanded a conveyance to his appointee, but without tendering the purchase money. In the meantime, the defendants had an offer for the property embraced in the agreement, at a largely increased price; and refused to convey to the plaintiff's appointee:

1. Though the agreement was something more than an authority to the plaintiff to sell the land, being an option for the purchase of it, yet he was not entitled to recover damages for the defendant's refusal to convey, without proof of tender or of his appointee's ability and readiness to perform.

2. When one has an option for the purchase of property and has delayed the exercise of it for several years, and in the meantime it has greatly increased in value, if he claim a conveyance he should at least show a tender of the purchase money, or that his appointee has the means to pay it.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 167 January Term 1891, Sup. Ct.; court below, No. 46 June Term 1884, C. P.

On May 16, 1884, Joseph Kellow brought case against Henry Jory, John L. Jory, and Robert Kellow. Subsequently, the deaths of Henry Jory and John L. Jory, defendants, were suggested, and their respective administrators, Dinah Jory and John L. Jory, Jr., were substituted. The defendants pleaded, non-assumpsit, payment, payment with leave, etc.

At the trial on April 21, 1890, it was shown that, in 1880, Henry Jory, John L. Jory and Robert Kellow were the owners of a valuable slate quarry near Pen Argyl; that on April 14, 1880, they executed an agreement in writing under seal, which, after reciting that they desired to sell their tract of land containing about sixty acres, with the slate quarry thereon, the quarry plant and appliances, provided as follows:

" In consideration whereof, the said Joseph Kellow will undertake to use his best efforts to sell the property, hereinbefore referred to, for the sum of fifty thousand dollars, the price hereby stipulated and agreed to be paid.

" In consideration of the said agreement, and upon the condition of the same being eventually carried into effect, the said parties of the first part do bind themselves, their heirs and assigns, to make out a clear title to the said lands, etc., and to assign, transfer, and give possession of the same unto the said Joseph Kellow, his heirs or assigns, or to his nominee, whenever called upon so to do. . . . ."

" It is finally hereby agreed that the owners shall remain in possession, and that they shall continue to carry on the quarries and farm the land, until such time as the said Joseph Kellow, his heirs or assigns, shall be prepared to carry into effect the provisions of this indenture."

The ellipsis in the foregoing contract embraced provisions for the payment of the purchase money.

It was made to appear, further, that in the latter part of 1883 or 1884, one Creary, after an inspection of the property, decided to become the plaintiff's appointee under the contract, and to pay the plaintiff therefor $80,000. Accordingly, the plaintiff went with Creary to Henry Jory, one of the defendants, and demanded a conveyance under the terms of the contract. Mr.

Opinion of Court below.

Jory replied that the defendants refused to convey. At the time of this refusal, the defendants had entered into a contract to sell the property to one Miller for $80,000, and a short time afterward executed a conveyance to Miller for that amount as a consideration. This suit was then brought to recover damages for the defendants' breach of their contract with the plaintiff.

The plaintiff having rested, the defendants, without offering any testimony, requested the court to instruct the jury that under all the evidence in the case the verdict should be for the defendants. The court thereupon directed a verdict for the defendants, as requested, with leave to the plaintiff to enter a motion for a new trial. Verdict for the defendants accordingly.

A rule for a new trial having been argued, the court, SCHUYLER, P. J., on June 23, 1890, filed the following opinion:

By written articles, the plaintiff agreed with the defendants "to use his best efforts to sell" certain real estate belonging to the latter, for $60,000. "In consideration of the said agreement, and upon the same being eventually carried into effect," the defendants obligated themselves to convey said real estate either to the plaintiff or his nominee. The plaintiff, having found a purchaser, in the person of one D. B. Creary, demanded a conveyance to Mr. Creary, which was refused. The price agreed to be paid by Mr. Creary was far in excess of the $60,000. Upon the refusal of the defendants to convey, the present suit was instituted to recover, not compensation for the plaintiff's services in affecting the sale, but damages for the loss of " the gains and profits which the plaintiff might and would otherwise have made and acquired, if the said defendants had performed their contract, amounting to $30,000." A verdict was directed for the defendants.

The plaintiff has declared on a contract for the sale of land; and having done so, he must exhibit such a contract, or fail in his action, in accordance with the familiar rule that the allegata and probata must agree. Does the contract in suit come up to this requirement? We think not. True, the defendants agree to sell, but such an agreement without a corresponding agreement, either express or implied, to buy, would be void for want of mutuality. There is no express agreement to buy, and we are not permitted to imply one, because the plaintiff expressly

agrees to do something else; that is, " to use his best efforts to sell."

Expressum facit cessare tacitum. " Where parties have entered into written engagements with express stipulations, it is manifestly not desirable to extend them by implication; the presumption is, that having expressed some, they have expressed all the conditions by which they intend to be bound : " Broom's Leg. Max., 653. Perhaps the idea of treating the agreement in question as a contract of sale, would never have suggested itself but for the clause obligating the defendants to convey the real estate to the plaintiff if desired. But that clause is entirely consistent with the theory which we consider the true one, that the only effect of the agreement was to constitute the plaintiff the defendant's agent; for a purchaser, when found, might not care to appear as such, or he might prefer to take title through the plaintiff to obtain the benefit of his covenants.

If we are right in our conclusions, then the plaintiff, having declared on a contract which has no existence, ought not to be heard to complain that the verdict has gone against him. It is unnecessary to inquire how the case would have stood if this had been a suit to recover commissions as agent, for that would be introducing, not only an entirely new, but an inconsistent cause of action which cannot be considered here.

Rule discharged.

—Judgment on the verdict having been entered, the plaintiff took this appeal, specifying, inter alia, that the court erred in directing a verdict for the defendants.

*Mr Edward J. Fox* and *Mr. W. S. Kirkpatrick* (with them *Mr. J. C. Merrill*), for the appellant.

That the contract was an option, with no want of mutuality, counsel cited : Boston etc. R. Co. v. Bartlett, 3 Cush. 224 ; Waterman on Specif. Perf., § 200 ; Fry on Specif. Perf., 200 ; Corson v. Mulvany, 49 Pa. 88 ; Shepler v. Scott, 85 Pa. 329. As to the demand upon but one of the defendants : Oatman v. Walker, 33 Me. 67 ; Dawson v. Ewing, 16 S. & R. 371 ; Carman v. Paltz, 21 N. Y. 547 ; 7 Wait's Act. & Def., 460 ; 1 Chitty on Cont., 428 ; Hare on Cont., 304 ; Trego v. Lewis, 58 Pa. 463 ; Mathews v. Sharp, 99 Pa. 560 ; Burk v. Serrill, 80 Pa. 413 ; Drake v. Baker, 34 N. J. L. 358 ; Hampton v.

Opinion of the Court.

Speckenagle, 9 S. & R. 212; Dixon v. Oliver, 5 W. 509; Reed v. Reed, 82 Pa. 420; Edwards v. Goldsmith, 16 Pa. 43.

*Mr. Henry W. Scott,* for the appellees.

That a tender of performance was necessary to a right of action in the plaintiff, counsel cited: Graver v. Scott, 80 Pa. 88; Nicol v. Carr, 35 Pa. 381; Bell v. Clark, 111 Pa. 92, 94; Orme v. Coal Co., 114 Pa. 172. As to the want of mutuality in the contract: Meason v. Kaine, 63 Pa. 335; Bodine v. Glading, 21 Pa. 50; Bispham's Eq., § 377; Marble Co. v. Rupley, 77 U. S. 339; Hertzog v. Hertzog, 34 Pa. 418; Dumars v. Miller, 34 Pa. 323; Ewing v. Thompson, 66 Pa. 384. As to the laches of plaintiff: Andrews v. Bell, 56 Pa. 343; Wagenseller v. Simmers, 97 Pa. 465; Leaming v. Wise, 73 Pa. 173; Remington v. Irwin, 14 Pa. 145; Bellas v. Hays, 5 S. & R. 443; Russell v. Baughman, 94 Pa. 400. That nominal damages only were recoverable, if any: Hosie v. Gray, 71 Pa. 198.

PER CURIAM:

We do not think the agreement between Henry Jory et al. and Joseph Kellow, plaintiff and appellant, was a mere authority to sell the land in question. It was something more than an authority to sell. It was an option, by means of which the owners of the land were bound to convey the property to the plaintiff or his appointee at the price agreed upon, whenever called upon to do so; in the meantime, the appellees were to remain in possession. The plaintiff did not exercise his option for about four years, and not until the appellees had an offer for the property at a largely increased price. He then called upon one of the appellees, and demanded a conveyance to one Creary, as his appointee. But neither the plaintiff nor his appointee made a tender of the money, and for anything that appears, neither of them had the money to pay for the property. When a man has an option upon property, and has laid by for several years without exercising it and it has greatly enhanced in value, if he claim a conveyance of it he should at least show a tender of the purchase money, or that his appointee has the means to pay for it.

Judgment affirmed.