### McLAURIN v. CUBA CO.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. CONTRACTS—TRANSFER OF OPTIONS—ACTIONS FOR RECOVERY—FAILURE TO PROVE OPTION.

Plaintiff represented to defendant that he had an option on certain lands, and defendant agreed to give him a valuable block of stock and an annual salary for his services, in consideration of his turning the option over to defendant and purchasing the lands for it. Plaintiff purchased the lands for defendant, and brought suit on the contract for his compensation. Held that, the evidence showing that plaintiff had no option, but merely a written authorization, to sell the lands, which it did not appear was exclusive, he could not recover.

2. SAME—PLEADING—ALLEGATIONS OF FRAUD—NECESSITY.

In an action to recover on an executed contract under which plaintiff had agreed to transfer an option on certain lands to defendant and to purchase the land for it, where the answer was a denial of the material allegations of the complaint, plaintiff, on failing to prove that he had had any option to transfer, showed a failure of consideration for the contract, and was not entitled to recover, although defendant had not pleaded fraud or misrepresentation.

Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Peter F. McLaurin against the Cuba Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Howard Mansfield (Herbert C. Lakin, on the brief), for appellant.
George B. Covington (Herbert A. Heyn, on the brief), for respondent.

WILLARD BARTLETT, J.　The plaintiff in this action has recovered $50,000 as compensation for services rendered by him to the Cuba Company under a contract alleged to have been made with Sir William Van Horne, the president of that corporation.　The services consisted chiefly in the acquisition and subsequent transfer to the company of some 44,000 acres of land known as the "Cauto Tract" in the Santiago Province of Cuba.　According to the plaintiff's own testimony, he told Sir William Van Horne that he had an option in writing for three months on these Cauto lands at certain prices, which he specified.　Sir William Van Horne asked him what he would take to turn the option over to the Cuba Company "and come with" that corporation; and finally Sir William Van Horne agreed, in behalf of the company, to pay him for his services at the rate of $8,000 a year, and to give him one share of the corporate stock of the face value of $50,000, after he had gone down to Cuba and bought the lands.　The Cauto tract was subsequently acquired by the defendant through the efforts of the plaintiff.　His demand for the transfer of the one share of stock was refused, and he thereupon brought this action.　The value of such share was agreed upon as being $50,000, and he has recovered a verdict for that amount.　From the judgment entered upon that verdict this appeal is taken.

I think that the judgment should be reversed on account of the plaintiff's failure to prove that he really had any option for the purchase of the property in question.　An option of this kind implies an exclusive right on the part of the holder.　21 Am. & Eng. Ency. of Law (2d Ed.) 925.　It is something more than an authority to sell to another.　Kellow v. Jory, 141 Pa. 144, 21 Atl. 522.　An option has been well defined to be "neither a sale nor an agreement to sell.　It is simply a contract by which the owner of property (real estate being the species we are now discussing) agrees with another person that he shall have the right to buy his property, at a fixed price, within a time certain."　Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17.　Taking the plaintiff's own narrative of his interview with Sir William Van Horne as true, it is plain that the plaintiff represented, and that Sir William Van Horne assumed and acted on the assumption, that the plaintiff possessed some exclusive or preferential right of peculiar value which he could exercise in respect to the disposition of the lands which it was proposed to obtain for the Cuba Company.　Sir William asked the plaintiff what he would take "to turn the option over to the Cuba Company."　"Again," says the plaintiff, "we talked over the various things in regard to the Cauto lands, and also in regard to the railroad.　He wanted to know on what conditions I would turn them over"; and still further the witness makes Sir William say, "The Cuba Company want that tract, and on what ground are you going to turn it over?"　Here, it seems to me, was the clearest implication, in which the plaintiff acquiesced, that the plaintiff held a contract for the control of the Cauto tract, which could be acquired by the Cuba Company only through him.　The evidence, however, is, in my opinion, utterly insufficient to establish the possession by him of anything which can legally, or even in common phraseology, be denominated an option on these lands.　Giving entire credence to his

own testimony on the subject and that of a man named Salmon, from whom he derived the so-called option, the most that he had was a written authorization from the owners to sell their lands for certain amounts per acre. It does not appear that similar authority had not been given to others, or that there was any restriction upon the power of the owners to negotiate and complete a sale themselves. It is true that the Cuba Company subsequently acquired title to the lands through the efforts of the plaintiff, as has already been said, paying $100,000 therefor; and, as the defendant has thus accepted the result of the plaintiff's services, it is undoubtedly liable to pay him their fair and reasonable value, if it has not already done so. The main question here, however, is whether he is entitled to enforce Sir William Van Horne's agreement, assuming that agreement to have been made, to transfer to him a $50,000 share of the defendant's stock. As I have already endeavored to show, that agreement, upon the plaintiff's own statement of it, was based upon the possession of a right of control over the property on the part of the plaintiff which really did not exist. The only conceivable purpose in agreeing to pay the plaintiff $50,000 for obtaining property the purchase price of which was only double that amount, must have been to procure from the plaintiff rights which he alone possessed, and which could not be acquired, at the time in question, from anybody else.

It is suggested that the defendant cannot be heard to object to the recovery on the ground that the alleged option was nonexistent, because no charge of fraud or misrepresentation in this respect is set up in the answer. Such an averment, however, could hardly be made in view of the denial by the defendant in its plea that the plaintiff had any options upon the Cauto lands, and the denial by Sir William Van Horne in his testimony that anything was said by the plaintiff about such options, or that he ever agreed that any stock should be transferred to the plaintiff for the options, or anything else. Considering the form of the pleadings and the theory upon which the action was tried, the plaintiff was not entitled to recover the agreed value of the share of stock except upon proof that he possessed options which vested him with the exclusive control of the disposition of the property which was the subject of the contemplated purchase. His omission to give such proof, taken together with the evidence showing that he had no real option on the property, established a failure of the main consideration for the contract, even accepting as entirely true his version of the interview between Sir William Van Horne and himself. If these views are correct, it follows that the motion for a new trial should have been granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.